UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **TWINDA A. TASKER** | * | **CIVIL ACTION NO.: 3:19-cv-262** |
| | * | |
| **VERSUS** | * | **JUDGE** _____ |
| | * | |
| **BRYAN LEE MCCABE, BMC** | * | **MAGISTRATE** _____ |
| **TRUCKING, LLC, and GREAT WEST** | * | |
| **CASUALTY COMPANY** | * | |

## NOTICE OF REMOVAL

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA:**

**PLEASE TAKE NOTICE** that Defendants, Great West Casualty Company and Bryan Lee McCabe., through undersigned counsel, pursuant to 28 U.S.C. §§1332, 1441, and 1446, respectfully remove from the 23rd Judicial District Court for the Parish of Ascension, State of Louisiana, in which this case is now pending under the name and style: *Twinda A. Tasker vs. Bryan Lee McCabe, BMC Trucking, LLC, and Great West Casualty Company,* Suit No.: 124931, Division "B", (hereinafter referred to as the "State Court Action"), to the United States District Court for the Middle District of Louisiana.  Defendants reserve all rights with regard to challenging the perfection of service upon any of them in the State Court Action.  In support of this Notice of Removal, defendants aver as follows:

1. 28 U.S.C. § 1441 provides that "Any civil action, brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

2. 28 U.S.C. § 1332 provides that "District courts shall have original jurisdiction of all actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of

interest and costs, and is between (1) citizens of different states...."

3. Plaintiff fax-filed the State Court Action on or about March 6, 2019. The original was subsequently filed with the clerk of court on March 11, 2019. Great West Casualty Company received a copy of the initial pleading on or about April 10, 2019; their registered agent, the Louisiana Secretary of State, was served on April 3, 2019. Bryan Lee McCabe received a copy of the lawsuit via certified mail, averred to be "long arm service" by Plaintiff's counsel, on April 1, 2019. Per the state court records and to the moving parties' knowledge, BMC Trucking, LLC has not yet been served.

4. This removal is being filed within thirty (30) days of proof of service of Great West Casualty Company and Bryan Lee McCabe, in accordance with 28 U.S.C. § 1446. A copy of the Petition for Damages is attached hereto as part of the state court record. (See Exhibit "1" *in globo*).

5. Diversity of citizenship exists pursuant to 28 U.S.C. § 1332 because, according to the petition, plaintiff, Twinda A. Tasker, is a domiciliary of the Parish of Iberville, State of Louisiana.

Furthermore, defendant, Great West Casualty Company is a foreign insurance corporation formed under the laws of the State of Nebraska with its principal place of business located in Dakota County, Nebraska; BMC Trucking, LLC is a foreign business incorporated in the State of Iowa with its principal place of business located in Milford, Iowa; and Bryan Lee McCabe is an adult resident and domiciliary of the State of Iowa. (See Exhibit "2" *in globo*).

6. As such, the parties are completely diverse in their citizenship and the court has original jurisdiction pursuant to 28 U.S.C. §1332. Defendants, Great West Casualty Company and Bryan Lee McCabe, therefore, are entitled to remove this action to federal court pursuant to

28 U.S.C. §1441.

7. In the State Court Action, Plaintiff alleges that on or about March 6, 2018, Adrienne Tasker was operating a vehicle on LA Highway 30 in Gonzales, Louisiana, with Plaintiff, Twinda A. Tasker, as a passenger, when their vehicle was allegedly rear-ended by a vehicle operated by Bryan Lee McCabe.

As a result of the collision, Plaintiff alleges that she has sustained "severe injuries." She further alleges that she received medical treatment and "incurred numerous medical bills incidental thereto." She continues that "she is still suffering from the injuries received in this accident and may have sustained permanent injury." (See Exhibit "1").

8. Although La. Code Civ. P. art. 893 precludes a party from pleading a specific monetary amount of damages, when a specific amount of damages is necessary to confer jurisdiction, establish the right to a jury trial, or disavow federal court jurisdiction, then ". . . a general allegation that the claim exceeds or is less than the requisite amount is required". Here, the petition contains no such limitation. See *Chambers Med. Found. v. Chambers*, 05-786, 2006 U.S. Dist. LEXIS 49292, 2006 WL 1895479, at 2 n. 3 (W.D. La. 01/23/2006), citing *St. Paul Mercury Indemnity Co. v. Red Cab Co*., 303 U.S. 283, 58 S.Ct. 586, 591, 82 L.Ed. 845 (1938) ("In Louisiana state court cases, plaintiffs are generally prohibited from alleging a monetary amount of damages in the petition. La. Code Civ. P. Art. 893 (as amended by Acts 2004, No. 334). However, if the claim seeks less than the requisite amount for the exercise of federal jurisdiction, plaintiffs are now required to so allege in the petition. *Id*.

Here, the petition contains no such limitation. Failure to do so creates a presumption that the jurisdictional amount necessary to confer jurisdiction is present. Moreover, "[d]istrict courts within this Circuit have held that the absence of such an allegation amounts to a 'tacit

concession' that 'the damages sought by the plaintiff exceed $75,000.'" *Pooley v. State Farm Mut. Auto. Ins. Co.*, 2013 U.S. Dist. LEXIS 93637, 2013 WL 3356873 (E.D. La. 07/03/2013), citing *Kerr v. State Farm Fire & Cas. Co.*, 11-113, 2011 U.S. Dist. LEXIS 59101, 2011 WL 2160871, at 2 (M.D. La. 06/01/2011). Given the court's strict adherence to the pleading requirements set forth in La. Code Civ. Proc. Art. 893 and the clear lack of any jurisdictional statement in the petition, plaintiff has in effect, conceded that the requisite jurisdictional amount is in controversy.

9. Notwithstanding the clear absence of any jurisdictional statement, the allegations alone are sufficient to establish that the jurisdictional amount is met. See *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). Courts in this circuit have held that "[t]he number and nature of the alleged injuries and damages sought weigh in favor of finding that it is facially apparent from plaintiff's petition that the amount in controversy exceeds $ 75,000." *Nelson v. Family Dollar Stores of La., Inc.*, 2005 U.S. Dist. LEXIS 3316, 2005 WL 517504 (E.D. La. 02/18/2005). For example, in *Robinson v. Delchamps, Inc.*, 1998 U.S. Dist. LEXIS 9882, 1998 WL 352131, 1 (E.D. La. 06/30/1998), the court noted that the plaintiff alleged nine different types of damages, including both past and future physical and mental pain and suffering, loss of income, and medical expenses, which was sufficient to satisfy the amount in controversy pleading requirement.

Likewise, in *Nelson*, supra, plaintiff's alleged spinal injury, headaches, dizziness, blurred vision, and past, present and future damages also adequately met the amount in controversy pleading standard. Here, Plaintiff alleges severe injuries that resulted in medical bills, and said injuries are continuing and permanent. As there is no end to Plaintiff's injuries in sight, Accordingly, based upon the face of the petition, movers assert that the amount in controversy is

met.

10. This removal is made with defendants reserving all rights to assert and plead any and all defenses to the claim, including, but not limited to, those defenses specifically enumerated in Rule 12(b) of the Federal Rules of Civil Procedure.

11. Pursuant to 28 U.S.C. §1446(a), defendants attach as Exhibit "1" a copy of the state court records currently in its possession.

12. Pursuant to 28 U.S.C. §1446(d), defendant has provided the appropriate notice of filing of this notice of removal to the plaintiff and to the Civil District Court for the Parish of Orleans, State of Louisiana. A copy of the Notice of Filing is attached as Exhibit "3".

13. Pursuant to 28 U.S.C. §1447(b), defendant will file with this court within ten days the following:

(a) A list of all parties still remaining in this action;

(b) A copy of all pleadings, including answers, filed by those parties in state court;

(c) Copies of returns on service of process on those parties filed in state court.

**WHEREFORE,** defendants, Great West Casualty Company and Bryan Lee McCabe, respectfully prays that the above action now pending in the Civil District Court for the Parish of Orleans, State of Louisiana, Docket No. 2018-6194, Division "N" Section "8," be removed from the state court to the docket of the United States District Court for the Eastern District of Louisiana.

       Respectfully submitted,

       LOEB LAW FIRM

BY: */s/ Sean McAllister*
   J. SCOTT LOEB (#25771)
   SEAN MCALLISTER (#35900)
   1180 West Causeway Approach
   Mandeville, Louisiana  70471
   Telephone: (985) 778-0220
   Facsimile: (985) 246-5639
   Email: sloeb@loeb-law.com
      smcallister@loeb-law.com

*Attorneys for Defendants, Great West Casualty Company and Bryan Lee McCabe*

### CERTIFICATE OF SERVICE

 I hereby certify that on this 30th day of April 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to counsel for all parties to this proceeding**.**

       */s/ Sean McAllister*
       SEAN MCALLISTER